UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CHRISTOPHER BAINES,

        Plaintiff,

v.

M. PILLAI, and
JAMES SHORTRIDGE,

        Defendants.

3:16-CV-01374 (CSH)

APRIL 10, 2017

**RULING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT [DOC. 10]**

**HAIGHT, Senior District Judge:**

## I. INTRODUCTION

*Pro se* Plaintiff Christopher Baines, who is currently incarcerated at MacDougall-Walker Correctional Institution ("MWCI") in Suffield, Connecticut, brings this civil rights action against defendants M. Pillai and Shortridge, who were at all relevant times medical personnel at that prison facility.[1] In particular, Plaintiff alleges that, pursuant to 42 U.S.C. § 1983, Defendants acted under color of state law when they violated his Eighth Amendment right to be free from cruel and unusual punishment by treating his serious medical needs, arising from Type 1 diabetes, with indifference.

Under 28 U.S.C. § 1915A, the court must review a prisoner's civil complaint and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C.

---

[1] According to the Complaint, defendant Pillai was a licensed physician and defendant Shortridge was a licensed nurse at MWCI. Doc. 1, at 3.

§ 1915A(b)(1)-(2). Therefore, on December 15, 2016, the Court filed an "Initial Review Order" ("IRO") pursuant to 28 U.S.C. § 1915A(b)(2), dismissing Plaintiff's claims for monetary damages against the the two defendants in their official capacities and all negligence claims.[2] *See Baines v. Pillai*, No. 3:16-CV-01374 (CSH), 2016 WL 7246071, at *3-4 (D. Conn. Dec. 15, 2016). The Court concluded in the IRO that the Plaintiff had "stated plausible claims that Dr. Pillai and Nurse Shortridge were deliberately indifferent to his medical needs in violation of the Eighth Amendment" so that those claims were allowed to proceed. 2016 WL 7246071, at *4.

## II. DISCUSSION

### A.  Rule 15(a), Fed. R. Civ. P.

Pending before the Court is Plaintiff's motion for leave to file an amended complaint to provide additional factual allegations and add defendants. Doc. 10. Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading "once as a matter of course within: (A) 21 days after serving [the complaint], or (B) . . . [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f) [motion to dismiss, for more definite statement, or to strike, respectively], whichever is earlier."[3] Because a complaint is a pleading "to

---

[2] The Court determined that Plaintiff's claims for damages from the defendants in their official capacities were barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Moreover, the Court held that "[m]ere negligence does not support a § 1983 claim." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). *See Baines*, 2016 WL 7246071, at *3-4.

[3] Rule 15(a), Fed. R. Civ. P., provides:

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

    (A) 21 days after serving it, or

2

which a responsive pleading is required," and no defendant in this action has filed an answer or motion addressed to the complaint, the Plaintiff may amend once as a matter of right. Accordingly, his request to amend will be granted.

**B.      One Operative Complaint**

In general, when granting a motion to amend, the Court directs the Clerk to docket the proposed "Amended Complaint" attached to the motion. However, in the case at bar, the proposed "Amended Complaint" is incomplete in form and thus cannot be docketed. In the introduction to the Amended Complaint, Plaintiff explains that he is filing the amended pleading to document "further instances of severe diabetic low blood pressure" and additional "medical history of improper medical care for a severely chronic medical condition and deliberate indifference." Doc. 10, at 1. Plaintiff also adds four defendants in the case caption, includes allegations regarding those four defendants, and specifies Dr. Pillai's first name as "Omprakash."[4] *Id.*, at 1-19.

A problem arises, however, because there can be only one operative complaint in an action. An amended complaint does not supplement the original complaint. Rather, it replaces and supercedes the original complaint, becoming the operative complaint in the action. Therefore, the amended complaint must contain all claims against all defendants that will proceed in the action.

---

(B) if the pleading is one to which a responsive pleading is required,
21 days after service of a responsive pleading or 21 days after service
of a motion under Rule 12(b), (e), or (f), whichever is earlier.

[4] The four additional defendants named in the proposed Amended Complaint are: Dr. Wu, UConn Medical Director; Raquel Lightner, Health Services Administrator; John Doe #1, Nurse ("a registered nurse employed or retained by SDOC [the State Department of Correction] and/or UConn Medical Center to provide medical services at MWCI"); and Lieutenant Patrick Strange, "Costudy [sic]" ("a staff member employed or retained by SDOC to provide safety, security and custody services at MWCI"). Doc. 10, at 1, 3.

*See, e.g.*, *Delaney v. Zaki*, No. 9:13-CV-0648 (DNH/TWD), 2014 WL 4966914, at *1 (N.D.N.Y. Sept. 30, 2014) ("No portion of the prior complaint shall be incorporated into the amended complaint by reference.").

In his proposed "Amended Complaint," Plaintiff simply identifies the new defendants and sets forth the additional claims and allegations he wishes to assert. The amended complaint begins where the former complaint left off – *i.e.,* specifying only allegations of medical deliberate indifference (times when Plaintiff suffered diabetic blood sugar seizures) *after* those described in the original complaint. Furthermore, in the amended complaint, with respect to relief, Plaintiff seeks declaratory and injunctive relief from the defendants in their official capacities, but fails to also include his prior request for monetary damages from defendants in their individual capacities.

In light of Plaintiff's *pro se* status, the Court treats his pleadings with leniency. *See, e.g., Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) ("[This] policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (same).

The Court therefore directs Plaintiff to file a revised amended complaint that incorporates all defendants, claims, allegations, and requests for relief. In particular, Plaintiff must, if he wishes, include his allegations of Eighth Amendment medical deliberate indifference against defendants Pillai and Shortridge (which he asserted in his original complaint), as well as the new allegations he asserted against Pillai, Shortridge, and the four new defendants in the currently proposed amended

complaint. Plaintiff must file this revised amended complaint on or before Wednesday, **May 10, 2017.**

### III. <u>CONCLUSION</u>

Plaintiff's motion for leave to amend his complaint [Doc. 10] is GRANTED. Pursuant to Rule 15(a), Fed. R. Civ. P., Plaintiff is entitled to amend his complaint once as a matter of course before defendants have filed an answer or motion in response. Fed. R. Civ. P. 15(a)(1)(B). However, Plaintiff may not file his proposed "Amended Complaint" in its present form because it is not complete in its contents. Rather, on or before **May 10, 2017**, Plaintiff must file a revised amended complaint, incorporating all defendants, claims, allegations, and requests for relief. Specifically, Plaintiff must include his Eighth Amendment allegations of deliberate indifference to serious medical needs against Pillai and Shortridge (contained in the original complaint) *and* the additional allegations against Pillai, Shortridge, and the newly named defendants (which appear in the proposed amended complaint). This revised amended complaint must also request all intended and appropriate relief Plaintiff seeks (declaratory relief, injunctive relief, and monetary damages against defendants in their individual capacities).[5] Upon receipt, the Clerk is directed to file the revised Amended Complaint.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
      April 10, 2017

                                        */s/Charles S. Haight, Jr.*
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge

---

[5] Plaintiff is reminded that the revised amended complaint must comply with the Court's IRO, which dismissed both the claims for monetary damages against the defendants in their official capacities and all negligence claims. *See Baines*, 2016 WL 7246071, at *3-4; *see also* n. 2, *supra.*